UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BLACK ROCK CITY LLC AND BURNING MAN PROJECT<br><br>    Petitioners,<br><br>    v.<br><br>DEBRA A. HAALAND, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,<br><br>    Respondents. | No. 22-5149<br>(consolidated with 22-5148) |

## PETITIONERS' STATEMENT OF ISSUES TO BE RAISED

Appellants Black Rock City LLC and Burning Man Project (collectively, "BMP" or "Appellants") organize the iconic Burning Man Event, which is held annually on federal public lands in Nevada's Black Rock Desert. Each year, in order to hold the event, BMP must obtain a Special Recreation Permit ("SRP") from the Bureau of Land Management ("BLM"). BMP brought this action to challenge the manner in which BLM assesses costs relating to the issuance and oversight of BMP's annual SRP, and specifically challenging the amounts that BLM charged BMP for SRP administration over a five-year period from 2015-2019. On cross-motions for summary judgment, the District Court granted BMP's motion in part and denied in part BLM's cross-motion for summary judgment in an Order and associated Opinion dated March 21, 2022 (ECF No. 36 and 37). The Defendants also filed an appeal, which was consolidated in this matter.

Appellants intend to raise the following issues with regard to the lower court's decision:

1.    Whether BLM's cost recovery charges for law enforcement at the Burning Man Event were inconsistent with Federal Land Policy and Management Act, 43 U.S.C. 1701 *et seq.*

("FLPMA"), the Federal Lands Recreation Enhancement Act, 16 U.S.C. 6801 *et seq.* ("FLREA"), and their applicable implementing regulations, 43 C.F.R. Part 2930 (the "Cost Recovery Regulations"), where BLM made no effort to justify the number of law enforcement officers, the hours worked, or the premium pay for allegedly "mission-critical work" as reasonable costs.

2. Whether the lower court erred in deferring to the agency on the reasonableness of the law enforcement resources that the BLM included in its cost recovery decisions for the Burning Man Event (the "Cost Recovery Decisions"), where BLM's decisions lacked substantial evidence to support the extent of costs being charged.

3. Whether BLM's Cost Recovery Decisions are inconsistent with the limit on recoverable costs to those that are reasonable under FLPMA, FLREA, and the Cost Recovery Regulations, where BLM failed to take into account the efficiency of the government processing involved in issuance of the BMP permit, comparable costs charged by other public agencies or similar private sector operators, or other objective data of reasonableness.

4. Whether the lower court erred in determining that FLPMA's authority to recover "reasonable costs" includes an exception for "de minimis" costs that would forgive BLM's failure to determine the reasonableness of, and provide substantial evidence for, certain costs charged by BLM in its cost recovery decisions for the Burning Man Event.

5. Whether BLM erred under FLPMA, FLREA, and the Cost Recovery Regulations in including costs incurred for the benefit of the general public interest in its cost recovery decisions, rather than limiting its cost recovery decisions to those costs directly attributable to issuance of the Permit for the Burning Man Event, and made no effort to segregate such costs.

Respectfully submitted this 24th day of June, 2022.

HOLLAND & KNIGHT LLP

By: /s/ Rafe Petersen

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
1800 17th Street NW, Suite 1100
Washington D.C. 20006
rafe.petersen@hklaw.com
alexandra.ward@hklaw.com
T: (202) 955-3000
F: (202) 955-5564

*Counsel for Petitioners Black Rock City LLC and Burning Man Project*