Nos. 22-5148, 22-5149

UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

BLACK ROCK CITY LLC and BURNING MAN PROJECT,
*Plaintiffs/Appellees*,

v.

DEB HAALAND, in her official capacity as Secretary of the United States Department of the Interior, et al.,
*Defendants/Appellants*.

Appeal from the United States District Court
for the District of Columbia
No. 1:19-cv-03729-DLF (Hon. Dabney L. Friedrich)

**FEDERAL APPELLANTS' SECOND UNOPPOSED MOTION FOR EXTENSION OF BRIEFING SCHEDULE**

TODD KIM
*Assistant Attorney General*
MATTHEW LITTLETON
*Deputy Assistant Attorney General*
JAMES A. MAYSONETT
*Attorneys*
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 305-0216
james.a.maysonett@usdoj.gov

The Federal Appellants respectfully move the Court under Circuit Rule 27(h) for a 21-day extension of time to file their brief in this matter (from October 20, 2022 to November 10, 2022) and for a commensurate extension of the remaining deadlines in the briefing schedule. Appellees Black Rock City LLC and Burning Man Project do not object to the relief sought by this motion.

In support of this motion, Federal Appellants submit that this 21-day extension of time is necessary for the following reasons:

1.  This case has been entered into the Court's mediation program. This extension will give the parties time to further explore whether any disputes between them can be resolved through the mediation process.

2.  This extension is also necessary to complete the administrative process for determining whether the United States intends to pursue this appeal. *See* 28 C.F.R. § 0.20(b); *see generally* U.S. Attorneys' Manual, Title 2 (setting forth internal procedures concerning appeals). The United States cannot pursue an affirmative appeal without authorized approval by the Solicitor General, a high-level official within the Department of Justice appointed by the President. *See* 28 U.S.C. § 505. In addition to conducting all litigation before the Supreme Court in which the federal government has an interest, the Solicitor General is also responsible for determining whether, and to what extent, the United States will pursue an appeal in every case in which the federal government receives an adverse judgment in state or federal court. *See* 28 C.F.R. § 0.20(a), (b). The United States submits that this extension is

necessary so that these internal deliberations can be completed. This time will ensure thoughtful consideration of whether to appeal, which is desirable as a matter of public policy. *Cf. United States v. Mendoza*, 464 U.S. 154, 161 (1984) (discussing the federal government's unique considerations taken into account by the Solicitor General in deciding whether to appeal adverse decisions).

    3.    There has been one previous extension of these deadlines. Granting this extension will not require oral argument to be rescheduled because the Court has not scheduled oral argument in this case.

    4.    No party opposes the relief sought by this motion.

For these reasons, the United States respectfully asks this Court to extend the deadline to file their brief in this matter by 21 days (from October 20, 2022 to November 10, 2022) and for a commensurate extension of the remaining deadlines in the briefing schedule.

                        Respectfully submitted,

                        TODD KIM
                        *Assistant Attorney General*
                        MATTHEW LITTLETON
                        *Deputy Assistant Attorney General*

                            */s/ James A. Maysonett*
                        _____
                        JAMES A. MAYSONETT
                        *Attorneys*
                        Environment & Natural Resources Division
                        U.S. Department of Justice
                        Post Office Box 7415
                        Washington, D.C. 20044

October 13, 2022          (202) 305-0216
90-1-4-16000             james.a.maysonett@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1.　This brief complies with the type-volume requirements of Federal Rule of Appellate Procedure 27(d)(2) because the motion contains 403 words.

2.　This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Calisto MT font.

　　　　　　　　　　　　　　　　　*/s/ James A. Maysonett*
　　　　　　　　　　　　　　　　　JAMES A. MAYSONETT

　　　　　　　　　　　　　　　　　Counsel for Federal Appellant